IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC CLADIMIR GUZMAN<br>a/k/a "Eric Bladimir,"<br>a/k/a "Carlos Gomez-Guzman,"<br><br>Defendant. | Case No. 1:19-MJ-361 |

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kurt Simard, being duly sworn, state the following:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement, Enforcement and Removal Operations (ICE/ERO) in Fairfax, Virginia. I have been employed with ICE since August of 2011. I was previously employed as a Border Patrol Agent with United States Customs and Border Protection for three years. During that time, I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant for Eric Cladimir GUZMAN (hereafter referred to as GUZMAN), an alien who was found in the United States after being denied admission, excluded, deported, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security to reapply for admission, in violation of Title 8, United States Code, Section 1326(a).

4. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. This affidavit contains information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

**SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE**

5. Section 287(g) of the Immigration and Nationality Act (INA) permits performance of immigration officer functions by state officers (referred to as Designated Immigration Officers, DIOs) provided that they receive appropriate training and function under the supervision of sworn ICE officers.

6. On or around July 15, 2019, DIOs at the Prince William County Adult Detention Center (PWCADC) encountered GUZMAN after he was arrested and charged with violations of state law. The PWCADC is located in Manassas, Virginia, which is in the Eastern District of Virginia. DIO's conducted record checks and obtained GUZMAN's fingerprints at that time and processed those fingerprints through ICE indices containing fingerprint records of known and previously deported aliens. This system is also integrated with the criminal records maintained by the FBI and is commonly referred to as Next Generation Identification (NGI). The result of this

query showed positive matches to GUZMAN and his FBI number. DIOs ultimately lodged an immigration detainer against GUZMAN on or around July 15, 2019.

7. On or around July 15, 2019, I reviewed documents from GUZMAN's alien file (commonly referred to as an "A file") that is maintained by United States Citizenship and Immigration Services. The A file contained one fully executed Immigration Service Form I-205, Warrant of Removal. The I-205 bears the photograph, fingerprint, and signature of GUZMAN and confirms that he was removed from the United States on September 21, 2018 at Alexandria, Louisiana.

8. On or around July 15, 2019, I asked the FBI Special Processing Center to compare the fingerprints that DIOs obtained from GUZMAN around July 2019 with the fingerprint located on his I-205 and with another fingerprint card located in his A file. On July 15, 2019, the FBI successfully matched all submitted fingerprints to GUZMAN and his FBI number.

9. GUZMAN's A file indicates that he does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States legally and he has neither sought nor obtained permission from the Attorney General of the United States or the Secretary of Homeland Security to reenter the United States following his formal removal.

## CONCLUSION

10. Based the foregoing, I submit there is probable cause to believe that on or about July 15, 2019, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, Eric Cladimir GUZMAN, an alien, having been removed from the United States on or about September 21, 2018, was found in the United States without having obtained the express

consent of the Attorney General or the Secretary of the Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Kurt Simard
Deportation Officer
United States Immigration and Customs Enforcement

Sworn to and subscribed before me
This 12th day of August 2019.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge

The Honorable Michael S. Nachmanoff
United States Magistrate Judge
Alexandria, Virginia